UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SARAH CREBASSA,<br><br>                  Plaintiff,<br>v.<br><br>A.C.L.U.,<br><br>                  Defendant. | Case No. 2:17-cv-02274-RFB-PAL<br><br>**ORDER**<br><br>(IFP App. – ECF No. 1;<br>Mot. Consolidate – ECF No. 3;<br>Mot. Amend – ECF No. 4) |

This matter is before the court on Plaintiff Sarah Crebassa's Application to Proceed *In Forma Pauperis* (ECF No. 1), Motion to Consolidate Cases (ECF No. 3), and Motion to Amend Complaint (ECF No. 4). The application and motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Ms. Crebassa is proceeding in this action *pro se*, which means that she is not represented by an attorney. *See* LSR 2-1. In late August 2017, Crebassa commenced eight lawsuits in this district against a various individuals, elected officials, and organizations.[1] In each, she sought leave to proceed *in forma pauperis* and filed an identical "Motion to Combine Complaints [and] Motion to Amend the Complaints." Her consolidation requests have been denied in six of the eight cases. U.S. District Judge James C. Mahan and U.S. Magistrate Judge George Foley, Jr., were assigned her first-filed action, *Crebassa v. LVMPD*, 2:17-cv-02270-JCM-GWF. Magistrate Judge Foley denied consolidation in the first-filed case as premature because that case had not yet been screened under 28 U.S.C. § 1915.

---

[1] *Crebassa v. LVMPD*, 2:17-cv-02270-JCM-GWF; *Crebassa v. Manendo*, 2:17-cv-02271-JAD-NJK; *Crebassa v. Ariotta*, 2:17-cv-02272-APG-NJK; *Crebassa v. Rape Crisis Center*, 2:17-cv-02273-JAD-CWH; *Crebassa v. ACLU*, 2:17-cv-02274-RFB-PAL; *Crebassa v. Sandoval*, 2:17-cv-02276-APG-NJK; *Crebassa v. Lockhead*, 2:17-cv-02277-JAD-NJK; *Crebassa v. Citizens Review Board*, 2:17-cv-02278-JCM-PAL. Three of these eight cases have now been dismissed based on Ms. Crebassa's failure to file an amended complaint curing the deficiencies noted in a screening order.

1

Here, the motion for consolidation simply asks for consolidation in the title. Ms. Crebassa offers no explanation as to why consolidation is appropriate. She has therefore failed to show that consolidation is warranted. The motion is denied.

**I.  IN FORMA PAUPERIS APPLICATION**

Pursuant to 28 U.S.C. § 1915 and LSR 1-1, any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400 filing fee. Here, Ms. Crebassa has requested authority to proceed IFP and submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed IFP is granted.

**II.  SCREENING THE COMPLAINT**

Federal courts must screen any IFP complaint or amended complaint before allowing the case to move forward, issuing summons, and requiring an answer or responsive pleading. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). If the court determines that the complaint states a plausible claim for relief, the Clerk of the Court will be directed to issue summons to the defendant(s) and the plaintiff must then serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). If the court determines that the complaint fails to state an actionable claim, the complaint is dismissed without prejudice and the plaintiff is ordinarily given leave to amend with directions as to curing the pleading deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**A. Legal Standard**

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound "to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in law and fact. *Id.*; *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke*, 490 U.S. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The standard for determining whether a plaintiff fails to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[2] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *N. Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (noting that the purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as the grounds for the court's jurisdiction and a demand for relief. Fed. R. Civ. P. 8(a). To avoid dismissal on a Rule 12(b)(6) review, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the misconduct alleged. *Teixeira v. County of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard is not a " 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Although Rule 8(a) does not require

---

[2] Any reference to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

detailed factual allegations, it demands "more than labels and conclusions." *Id*. at 678. Merely reciting the elements of a cause of action and providing only conclusory allegations will not be enough to survive the court's review. *Id.* at 679–80. For the purpose of a Rule 12(b)(6) review, well-plead factual allegations are accepted as true, but vague allegations, unreasonable inferences, and legal conclusions are not entitled to the assumption of truth. *Teixeira*, 873 F.3d at 678 (citing *Iqbal*, 556 U.S. at 680). A complaint should be dismissed where the claims have not crossed the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

**B. Analysis**

Ms. Crebassa seeks leave of the court to amend her complaint. Because the court finds multiple deficiencies in the initial complaint and her purported amendment, the court will grant the motion but require her to file an amended complaint on the court's form within 30 days.

Crebassa is attempting to bring a civil action for deprivation of rights pursuant to 42 U.S.C. § 1983, and conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985. Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012); *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). To state a claim under § 1983, a plaintiff must sufficiently allege: (1) his or her his civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48–49 (1988); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To adequately plead these elements, a complaint must identify what constitutional or other federal right each defendant violated, providing sufficient facts to plausibly support each purported violation. *E.g.*, *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (defendants must personally participate in alleged rights deprivation). A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49. "A § 1983 claim can be brought only against a state actor." *Amistad Christiana Church v. Life is Beautiful, LLC*, 132 F. Supp. 3d 1246, 1251 (D. Nev. 2015), *aff'd*, 692 F. App'x 922 (9th Cir. 2017). Private parties who are not affiliated with a state or municipal government generally do not act under color of state law. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

Section 1985 prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3); *see also Griffin v. Breckenridge*, 403 U.S. 88, 101–02 (1971). To state a claim under § 1985, a plaintiff must sufficiently allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his or her person or property or deprived of any right or privilege of a citizen of the United States. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

Ms. Crebassa's hand-written amendment does not provide a "short and plain statement" of her claims as required by Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988) ("If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a 'short and plain statement of the claim,' dismissal for failure to satisfy Rule 8(a) is proper.") (quoting Fed. R. Civ. P. 8(a)). Although Crebassa's handwriting is legible, the document is repetitive, disjointed, and contains many allegations that appear to relate to a series of events over many years in which individuals and defendants named in this case and her other cases have either wronged her or failed to help her.

In this case, the complaint states that the ACLU failed to help her, and will not return her calls. It appears her claim is that the ACLU is not helping her pursue a corruption investigation of a former Nevada state senator. Her motion to amend lumps all of her complaints against multiple defendants in the cases she has filed together in the caption. Her amended paper appears to be a chronology of events which ends abruptly with the partial sentence "July 19th Michael Souza Ariotta wants." The common theme is that no one will help her pursue her grievances against various individuals.

The court doubts Ms. Crebassa will be able to allege a legally sufficient federal claim against the ACLU. The ACLU is a national private nonprofit organization whose stated mission is to defend and protect constitutional rights and individual liberties. It is unlikely that Crebassa will be able to state facts sufficient to show the ACLU qualifies as a state actor for purposes of asserting a civil rights claim against it. The motions to consolidate she has filed in other cases

have been denied. The court will not allow her to simply lump all her cases together by including all of the cases and case numbers in the caption of this case. However, the court will grant leave to amend if she believes she can cure the deficiencies noted in this order and state a claim against the ACLU.

### III. INSTRUCTIONS FOR AMENDED COMPLAINT

If Ms. Crebassa chooses to file an amended complaint, she must do so by **October 12, 2018**. The amended complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim she has showing she is entitled to relief; and (3) a demand for the relief she seeks. Fed. R. Civ. P. 8(a). The amended complaint should set forth the claims in short and plain terms, simply, concisely, and directly. *Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). This means that she should avoid legal jargon and conclusions. Instead, she should summarize the information she believes to be relevant in her own words for each claim asserted in the amended complaint. *Iqbal*, 556 U.S. at 678. Ms. Crebassa is advised to support each of her claims with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Ms. Crebassa should specifically identify each defendant to the best of her ability, clarify what constitutional right she believes each defendant violated and support each claim with factual allegations about each defendant's actions. Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim. *McHenry*, 84 F.3d at 1178. A plaintiff must state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

If Ms. Crebassa elects to proceed in this action by filing an amended complaint, she is also informed that the court cannot refer to a prior pleading (*i.e.*, the original complaint) in order to make the amended complaint complete. Local Rule 15-1(a) requires that an amended complaint

be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Sarah Crebassa's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. Ms. Crebassa is not required to pre-pay the $400 filing fee.
2. This Order granting IFP status does not extend to the issuance or service of subpoenas at government expense.
3. The Clerk of the Court SHALL FILE the Complaint (ECF No. 1-1) but ***SHALL NOT*** issue summons.
4. Crebassa's Motion to Consolidate Cases (ECF No. 3) is **DENIED**.
5. Crebassa's Motion to Amend Complaint (ECF No. 4) is **GRANTED**. The Complaint is DISMISSED with leave to file an amended complaint by **October 12, 2018**, if she believes she can correct the noted deficiencies.
6. The Clerk of the Court shall MAIL Ms. Crebassa one blank form complaint for § 1983 civil rights actions along with the instructions for completing the form.
7. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.
8. Ms. Crebassa shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on the first page and write 2:17-cv-02274-RFB-PAL in the space for "Case No."

///

///

7

9. Ms. Crebassa's failure to comply with this Order by submitting an amended complaint on the correct form before the **October 12, 2018** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 12th day of September, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE